United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2004

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 03-20582

---

MARY FRANCES PARKER,

Plaintiff-Appellant,

VERSUS

METROPOLITAN TRANSIT AUTHORITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
m H-01-3175

---

Before KING, Chief Judge, JONES
and SMITH, Circuit Judges.

PER CURIAM:*

Mary Parker appeals a summary judgment on her claims against the Metropolitan Transit Authority ("Metro") for retaliation under title VII and violations of the Equal Pay Act. We review a summary judgment *de novo*, using the same standards as did the district court. *BP Oil Int'l, Ltd. v. Empresa Estatal Petoleos de Ecuador*, 332 F.3d 333 (5th Cir. 2003). Finding no error, we affirm.

## I.

The district court decided first that Parker had not established a *prima facie* case of retaliation, because her being placed on a wit-

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ness list and giving a deposition in her co-worker's state court action for discrimination did not constitute participation in a proceeding under title VII, and was therefore not protected activity. This is an issue of first impression in this circuit. Because this appeal must be decided on other grounds, we do not pass on the correctness of the district court's decision on that issue.

The district court alternately determined that had Parker established a *prima facie* case, she failed to demonstrate a genuine issue of material fact as to whether Metro's legitimate, nondiscriminatory reasons for her discharge were pretextual. Metro states that Parker's employment was terminated because of her poor performance and failure properly to comply with appropriate policies.

The record indicates that Parker received consistently low performance ratings, that her supervisors believed she was not successfully adjusting to the public sector after years of private employment, that she was put on probation several times and given performance improvement plans with which she did not comply, and that she did not follow particular policies on several occasions. Parker argues that her actions on several occasions were reasonable, but she has failed to provide evidence that she did not violate the policies or that her supervisors' dissatisfaction with her performance was not the reason Metro terminated her. The district court was correct in entering summary judgment on Parker's retaliation claim.

## II.

The district court also entered summary judgment on Parker's Equal Pay Act claims. Parker points to two male employees who she alleges are paid more than she is for substantially the same job. The district court decided that Parker's claim fails because (1) one of these men had actually had a lower starting salary than Parker, but had received merit raises for which Parker was ineligible because of poor performance, and (2) the other man performed a job that was different from Parker's and for which Parker was not qualified. Summary judgment on this claim was correct.

AFFIRMED.